COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-257-CR

 

 

TAMARA MICHELLE SONATY                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Tamara Michelle Sonaty
appeals the trial court=s
adjudication of her guilt for delivery of marijuana to a minor.  We affirm.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Appellant has also filed a pro se brief, in which she challenges the
voluntariness of her original plea of guilty to the delivery of marijuana
offense.








Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and essentially to rebrief the case for appellant to see if there is any
arguable ground that may be raised on appellant=s behalf.[3]  Because this is an appeal from the trial
court=s adjudication of appellant=s deferred adjudication community supervision, our independent review
for potential error is limited to jurisdictional defects, potential errors not
affecting the decision to adjudicate, and post-adjudication matters unrelated
to appellant=s
conviction.[4]  The trial court=s decision to adjudicate guilt is not appealable.[5]


Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for relief.  There are no
jurisdictional defects.  The indictment
conferred jurisdiction on the trial court and provided appellant with sufficient
notice to prepare a defense.[6]  In addition, the trial court had jurisdiction
to adjudicate appellant=s guilt and
sentence her, and the sentence is within the punishment range for the
adjudicated offense.[7]









Appellant contends that her original
guilty plea was involuntary because she was scared into accepting the plea
bargain.  A defendant placed on deferred
adjudication may not, after an adjudication of guilt, complain of issues
relating to the original plea proceeding such as the voluntariness of a guilty
plea.[8]  Therefore, we will not consider this
complaint.

Because there is no arguable
ground that may be raised on appellant=s behalf in this appeal, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.

 

PER CURIAM

PANEL
F:    CAYCE, C.J.; DAUPHINOT and HOLMAN,
JJ. 

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 15, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[4]See Hargesheimer
v. State, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); id.
at 914 (Johnson, J., concurring); Bray v. State, 179 S.W.3d 725, 727
(Tex. App.CFort
Worth 2005, no pet.). 





[5]Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon Supp. 2005); Hargesheimer, 182 S.W.3d at 912.





[6]See Tex. Const. art. V, '
12(b); Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon 2005); Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 





[7]See Tex. Code Crim. Proc. Ann.
arts. 4.05, 42.12, '
(5)(b); Tex. Health & Safety Code
Ann. '
481.122(a), (c) (Vernon 2003); Tex.
Penal Code Ann. '
12.33 (Vernon 2003).





[8]Vidaurri
v. State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001).